By the Court—Sedgwick, Ch. J.
The action is in ejectment. The' complaint alleges that William H. Masterson had owned in fee an undivided half of certain land ; that he died, leaving a will which created a trust in the land; that said trust had determined ; that plaintiff claims as one of the children of one James Masterson, who was a brother of William H. Masterson, or, in other words, plaintiff claims as a nephew of William H. Masterson. The complaint on this point alleges (subdivision 7) “ that the said William H. Masterson left him surviving, his widow, Mary Masterson (now Mary McNulty), and John S. Masterson, Hugh Masterson, Peter Masterson and James Masterson, her brothers, Mary Agnes Coleman and Ann E. Treacy, his sisters, his only heirs-at-law.”
(Subdivision 8). “ That on or about the 28th day of May, 1879, the said James Masterson died intestate, leaving him surviving, his widow, Theresa Masterson and Henry B. Masterson, Peter T. Masterson, the plaintiff herein, Julia E. Jenkins and Annie E. Clark, his children and only heirs-at-law.”
The defendants demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action.
For the demurrer it is argued that, whether one is an heir is a conclusion of law, from the facts that concern the existence or non-existence of individuals who may stand as descendants or collaterals, etc., of a deceased, and that, therefore, a plaintiff claiming as *23 heir, being a collateral, should aver that there were no descendants or father or mother living, and cases are cited to show that, when it is necessary to allege that plaintiff is heir of an ancestor, it is necessary to show how he is heir.
It is not denied that, in certain cases, such a rule is to be applied. In a case, however, where the plaintiff claims not a particular estate, or a cause.of action in an ancestor, where he must show how, by the succession of the estate, he derives a title to the action, but claims an estate in fee simple, the rule is general, and it is sufficient to state a seisin in fee simple per se; that is, simply to state that the party “ was seized in his demesne as of fee of and in a certain messuage,” &c. Stephen on Pleading, 9 Am. ed., 305 (306).
The complaint in its 9th subdivision alleges, “ that, by reason of the matters hereinbefore set forth, plaintiff became and is now seized in fee of one undivided sixtieth interest in the premises hereinbefore described and entitled to the immediate possession thereof.” The complaint is therefore sufficient, unless, at least, the “ matters hereinbefore set forth,” show on their face that plaintiff was or is not seized in fee. ■ The matters are not inconsistent with a fee simple in the plaintiff. They may be looked upon as matters of inducement, and certainly apprize the defendants of the course of title under which plaintiff claims. It is not now considered whether or not the plaintiff can claim another title than that derived as the complaint states.
I am, therefore, of the opinion, that the judgment and order should be affirmed with costs.
O’Gorman, J., concurred.